HACKENSACK WATER COMPANY, A CORPORATION, APPELLEE, v. PUBLIC SERVICE GAS AND ELECTRIC COMPANY, A CORPORATION, ET AL., APPELLANT.

Argued January term, 1928—Decided July 2, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellants, *William H. Speer* and *Leland Taliaferro.*

For the appellee, *Edwards & Smith.*

PER CURIAM.

The case was tried in the First District Court of Jersey City without a jury, and judgment went for the plaintiff for $407.92.

The Public Service Gas and Electric Company was establishing under municipal license, a manhole in connection with the underground wire conduits in West New York. The defendants were engaged to perform the necessary rock excavating which was done by blasting with dynamite. As a result of such blasting, a water pipe, belonging to the plaintiff company, was broken, and this action was brought to recover the cost of replacement.

The grounds of appeal are error in refusing to nonsuit and in refusing a direction on the ground of no evidence of negligence.

The maxim *res ipsa loquitur* is, perhaps, applicable, but the defendant claims that the plaintiff may take no advantage of the maxim because the complaint alleged specific negligence—(1) in the failure to use proper care and reasonable measures to prevent the rock and debris from scattering upon the firing dynamite; (2) defendant's failure to use proper equipment, and (3) defendant's employment of incompetent employes.

The pipe in question rested upon a ledge of rock; the blast that caused the damage was set off about three feet from the rock and at a level two feet below the water pipe. There was evidence that the blast could have been regulated to break a less volume of rock, while the blast in its velocity actually took the rock from the bottom up.

It is also contended that the plaintiff consented to the act which caused the injury, as the plaintiff, in response to notice from defendant, sent a representative to the job and he approved the precautions taken. It could have been found as a fact, however, that the sole duty of the plaintiff's representative was merely to turn the water off, and otherwise protect the plaintiff's property in case of injury from the blasting.

The facts and circumstances, with the reasonable inferences derivable therefrom, are sufficient to support the judgment which will be affirmed.